Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7518 | **DATE** | 9/19/2001 |
| **CASE TITLE** | United States of America vs. Sunny Emezuo | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Emezuo's Motion to Vacate, Set Aside, or Modify his Sentence pursuant to 28 U.S.C. Section 2255 is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 20 2001 date docketed | 7 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | |
| WAP | courtroom deputy's initials | 01 SEP 19 PM 5:25 | date mailed notice |
| | Date/time received in central Clerk's Office | | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>SUNNY EMEZUO,<br><br>            Defendant. | Case No. 00 C 7518<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Sunny Emezuo ("Emezuo") has filed a motion to vacate, set aside, or modify his sentence pursuant to 28 U.S.C. § 2255. In his petition, Emezuo argues that the sentencing judge erred in calculating his sentence and that he was denied effective assistance of counsel during plea negotiations and at his sentencing hearing. He bases the error on the recent Supreme Court decision in *Apprendi v. New Jersey* and three additional errors that resulted in the denial of effective assistance of counsel.

### BACKGROUND

The Seventh Circuit recently reviewed Emezuo's counsel's *Anders* brief and request to withdraw and the direct appeals of two of Emezuo's co-defendants. *United States v. Hamzat, et al.*, 217 F.3d 494 (7th Cir. 2000). In that direct appeal, Emezuo had also requested that the court find that his trial counsel was ineffective, which negatively affected his sentencing. The following facts are taken from the Seventh Circuit's opinion.

Emezuo and two co-defendants, Akanni Hamzat and Adetoro Adenijii, were involved "in a major way during the early 1990s with trafficking in heroin between Nigeria, Thailand, and the United States." *Id.* at 496. Emezuo was a Bangkok-based supplier who assisted with transferring money and packaged heroin in luggage shipped to the United States. In exchange for his services, he received an expensive watch, a car, and money. After Emezuo was arrested and indicted, he was ultimately unable to reach a plea agreement with the government. On the day that trial was to begin, Emezuo "entered a blind plea of guilty to one count of conspiracy to possess with intent to deliver, in violation of 21 U.S.C. § 846." *Id.* at 496. The district court sentenced him to 145 months in prison, a fine of $2,500, and five years supervised release.

During Emezuo's sentencing, the court substantially accepted the recommendations in the pre-sentence report. The court attributed 29.6 kilograms of heroin to Emezuo, found that he played neither an aggravating nor a mitigating role in the offense, and granted him a two-level adjustment for acceptance of responsibility. The court denied Emezuo's request for a safety-valve adjustment because he had not told the government everything he knew about the offense prior to his sentencing. Emezuo also argued for a downward departure based on the probability that after he is released from prison he will be deported to Nigeria where he

is likely to be incarcerated for the same activities. The court rejected this argument as too speculative, but departed downward by six months to compensate for the fact that, as a foreign national, Emezuo was not eligible to spend the final six months of this sentence in a halfway house.

The Seventh Circuit granted Emezuo's counsel's motion to withdraw and agreed with his counsel's arguments that an appeal would be futile. *Id.* at 501. The court reviewed the district's court's sentencing and found that the record revealed "no arguable issue" about the way the district court handled the sentencing and that the court's factual findings would "easily withstand clear error review." *Id.* The court declined to consider Emezuo's ineffective assistance of counsel arguments because they were not appropriate on direct appeal and are more properly handled in a petition under 28 U.S.C. § 2255.

**DISCUSSION**

In his petition requesting relief or an evidentiary hearing, Emezuo argues the following four errors: (1) a jury did not find the quantity of narcotics attributable to him using beyond the reasonable doubt standard in violation of the Supreme Court's holding in *Apprendi v. New Jersey*; (2) ineffective assistance of counsel because his counsel failed to schedule a meeting with the government where Emezuo could make a truthful proffer, which precluded him from invoking the "safety valve" provision under 18

U.S.C. § 3553; (3) ineffective assistance of counsel because his counsel failed to argue for a reduction based on Emezuo's minor or minimal role in the drug importation ring; and (4) ineffective assistance of counsel because his counsel failed to seek a downward departure based on Emezuo's rehabilitative efforts while at the Metropolitan Correctional Center.

First, Emezuo argues that his rights were violated because he was held accountable for 29.6 kg of heroin, an amount that was not pleaded in the indictment nor proved beyond a reasonable doubt. He argues that it was erroneous for the district court to sentence him based on that amount of drugs. The holding in *Apprendi*, however, does not apply to Emezuo's sentencing. In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Seventh Circuit has consistently held that the *Apprendi* decision is not applicable to cases where the defendant received a sentence less than the base maximum penalty under the Sentencing Guidelines. *See United States v. Brough*, 243 F.3d 1078, 1079 (7th Cir. 2001); *United States v. Nance*, 236 F.3d 820, 825 (7th Cir. 2001)("the *Apprendi* rule applies only to drug quantities that permit a sentence in excess of the default statutory maximum of twenty years.")

Here, Emezuo pled guilty to a charge of conspiracy to possess with the intent to distribute heroin, 21 U.S.C. § 846, and the court sentenced him to 145 months in prison. Pursuant to 21 U.S.C. § 841(b)(1)(C), the maximum for distributing any detectable quantity of any Schedule I or II controlled substance, which includes heroin, is 20 years or 240 months in prison. Emezuo's sentence was less than the statutory maximum, and the *Apprendi* decision is not applicable.

Second, Emezuo argues that he received ineffective assistance of counsel in the district court under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Under the test in *Strickland*, Emezuo must demonstrate: (1) that his counsel's performance was deficient, such that under the circumstances, it was unreasonable under prevailing professional norms; and (2) that he was prejudiced by his counsel's deficient performance. *Id.* at 687-88. In order to prevail on this claim, he must present more than his own self-serving and conclusory statements, but must demonstrate using objective evidence that his attorney's performance fell below an objective standard of reasonableness and he was deprived of a fair result. *Id.* The test is highly deferential and presumes that counsel used reasonable judgment and that the choices made by counsel were strategic ones. *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997), *citing Strickland*, 466 U.S. at 689. To demonstrate prejudice under the

cause and prejudice standard, a defendant must demonstrate not merely that there was a possibility of prejudice but that counsel's errors "worked to his actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 1596 (1982).

Emezuo argues that his counsel was ineffective because he failed to argue that Emezuo's role in the drug conspiracy was either minor or minimal. The United States argues that Emezuo's counsel's decisions were well within the range of professional competence and did not cause Emezuo any prejudice because any such motion would have been futile. The United States bases its arguments on Emezuo's statements that he was "regularly involved in assisting [a co-conspirator] to deal in drugs" and that he was involved in picking up wire transfers, packaging drugs in suitcases, and meeting with suppliers. See Emezuo's Motion, Exh. A.

The commentary to the Sentencing Guidelines states that the reduction for minimal participation is to be used infrequently and provides, as an example, a person who serves as courier for a single illegal transaction involving a small amount of drugs. U.S.S.G. § 3B1.2, application note 2. Emezuo's concession that he was "regularly involved" in assisting co-conspirators to deal drugs clearly indicates that he was not a minimal participant. See Emezuo's Motion, Exh. A. Further, the Sentencing Guidelines define a minor participant as one who is less culpable than the rest of

the participants. U.S.S.G. § 3B1.2, application note 3. Again, it was more than reasonable that, based on the numerous transactions and payments, Emezuo's attorney decided that it was futile to pursue a reduction for minimal participation where Emezuo stated that he was regularly involved in dealing drugs. *See Precin v. United States*, 23 F.3d 1215, 1219 (7th Cir. 1994). "It is not ineffective assistance for counsel to not file a meritless motion." *United States v. Nolan*, 910 F.2d 1553, 1564 (7th Cir. 1990). As there was no reasonable probability that a motion for a reduction in offense level based on Emezuo having either a minimal or minor role in the conspiracy would have had any likelihood of success on the merits, Emezuo cannot demonstrate that he was denied effective assistance of counsel.

Next, Emezuo argues that his counsel's failure to raise and argue the "safety valve" provision constitutes ineffective assistance of counsel. *See* U.S.S.G. § 5C1.2. In essence, Emezuo argues that his counsel failed to facilitate a plea agreement that would have allowed him to give a proffer to the government and to be eligible for a reduction under the safety valve provision. Emezuo did not reach a plea agreement with the government and did not fully disclose everything he knew prior to the sentencing. Thus, he was not eligible for a reduction under the safety valve provision. Further, while Emezuo did not appeal his sentencing, when the Seventh Circuit reviewed his counsel's *Anders* brief, it

found that the court's factual findings during sentencing, including the denial of the safety-valve adjustment, "easily" withstood clear error review. The court explained that prior to sentencing, Emezuo had not told the government everything that he knew about the offense. Thus, a motion for a reduction under the safety valve provision would have been futile.

To the extent that Emezuo's argument for ineffective assistance of counsel focuses on his counsel's failure to arrange a plea agreement and proffer with the government that would have later allowed him to be eligible for the safety valve provision, it also fails. The government has no obligation to offer him a plea agreement. *See United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000)("no prosecutor is ever under any obligation to consider much less offer a plea bargain"), citing *United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993)("Prosecutors need not offer discounts and may withdraw their offers on whim. Defendants have no substantive right to bargain-basement sentences.") *See also, United States v. Webb*, 1997 WL 417356, at *1 (10th Cir. July 25, 1997)("[B]ecause negotiating such a plea would require the cooperation of both the government and district court -- neither of which has any obligation in that regard -- the ability to obtain a conditional plea agreement was beyond [the] attorney's control.").

Here, the testimony from Emezuo's guilty plea on the day that his trial was to start indicates that the government had previously

offered him a plea, but he had rejected it. Emezuo and the government apparently could not agree on the amount of drugs involved. As the prosecutor had no obligation to offer a plea bargain and Emezuo offers no evidence that he would have accepted an agreement, he has not presented sufficient evidence to support this claim. In any event, Emezuo stated on the record during his guilty plea that he was satisfied with the representation of his counsel, and here he has failed to demonstrate that his attorney's assistance fell below commonly accepted standards of reasonableness. *See Hall*, 212 F.3d at 1022.

Even assuming that Emezuo's counsel's conduct fell below the commonly accepted standards, Emezuo's claim fails because he cannot establish that he was prejudiced by counsel's failure to arrange a plea agreement. There is no evidence that the parties could have reached a plea agreement or that Emezuo would have accepted a plea agreement offered by the government. In order to establish prejudice under the test in *Strickland*, Emezuo must establish through objective evidence that there is a reasonable probability that he would have accepted the plea agreement. *See Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991). Further, according to Emezuo, if he had made a truthful proffer and agreed to a plea, his sentencing range would have been 121-151 months instead of the 151-188 months. Emezuo was sentenced to 145 months, which already is in the lower range. Thus, even if he had been given the two

point reduction, his sentence still falls within the allowable range.

Last, Emezuo argues that his counsel's failure to seek a downward departure for post-conviction rehabilitative efforts constitutes ineffective assistance of counsel. Prior to sentencing, Emezuo argues that he participated and completed the Meaningful Lifestyle Program, Entrepreneurial Program, Drug Education Program, college level courses in Human Relations, Business Management and Administration, and numerous religious rehabilitative studies.

There is a circuit split on the issue on whether evidence of truly extraordinary post-offense rehabilitation may justify a downward departure under the guidelines, and the Seventh Circuit has not yet decided the issue. *United States v. Lewis*, 79 F.3d 688, 693 fn. 1 (7th Cir. 1996). A downward departure for rehabilitative efforts is available, if at all, only when the rehabilitation is so extraordinary that it has not been taken into account by the acceptance of responsibility reduction. *United States v. Lewis*, 79 F.3d 688, 692 (7th Cir. 1996), *citing*, *United States v. Sklar*, 920 F.2d 107, 116 (1st Cir. 1990). All defendants are expected to make serious rehabilitative efforts, and the rehabilitative efforts must truly be extraordinary to take the Defendant outside of the realm of what is expected and what is already considered in the acceptance of responsibility reduction.

Emezuo's rehabilitation efforts are commendable, but they are not so extraordinary or so different from what is expected. The certificates were in front of the court during Emezuo's sentencing for the purpose of calculating Emezuo's sentence and evaluating a downward departure. The court cannot find that Emezuo's counsel's failure to specifically argue for a downward departure based on his rehabilitative efforts was unreasonable under prevailing professional norms.

## CONCLUSION

For the foregoing reasons, Emezuo's Motion to Vacate, Set Aside, or Modify his Sentence pursuant to 28 U.S.C. § 2255 is denied.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: September 19, 2001